1  Robin Ratner, Esq. (SBN 195788)
   *rratner@structurelaw.com*
2  Matthew M. Davis, Esq. (SBN 246647)
   *mdavis@structurelaw.com*
3  STRUCTURE LAW GROUP, LLP
   1754 Technology Drive, Suite 135
4  San Jose, California 95110
   Telephone: (408) 441-7500
5  Facsimile: (408) 441-7501

6  Attorneys for Defendants
   GROOMORE, INC. AND CHUNLIANG LIN
7

8  UNITED STATES DISTRICT COURT

9  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  MOEMENT, INC., a Delaware corporation, | CASE NO. 22-CV-02871-MWF-JEM |
| 11 | |
| 12              Plaintiff, | **DEFENDANTS GROOMORE, INC. AND CHUNLIANG LIN'S ANSWER TO PLAINTIFF MOEMENT, INC'S UNVERIFIED COMPLAINT** |
| 13       v. | |
| 14 | |
| 15  GROOMORE, INC., a Delaware corporation, CHUNLIANG LIN, an individual, JIE ZHANG, an individual, and SONGYUN LIU, an individual, | Dept.: Courtroom 5A
Judge: Hon. Michael W. Fitzgerald. |
| 16 | |
| 17 | |
| 18              Defendants. | |
| 19 | |

20       Defendants Groomore, Inc. (incorrectly sued as "GrooMore") ("GrooMore")
21  and Chunliang Lin ("Lin") (collectively, "Answering Defendants") respond to
22  Plaintiff Moement, Inc.'s ("Plaintiff") Unverified Complaint by admitting,
23  denying, and alleging as follows:

24                           **NATURE OF THE ACTION**

25       1.    Answering Defendants admit the allegations in paragraph 1 of the
26  complaint as to Defendant Lin. Answering Defendants lack knowledge or
27  information sufficient to form a belief about the truth of the allegations in
28  paragraph 1 of the complaint as to Defendants Jie Zhang ("Zhang") and Songyun

- 1 -

1 Liu ("Liu").

2. Answering Defendants deny the allegations in paragraph 2 of the complaint.

3. Answering Defendants admit the allegations in paragraph 3 of the complaint alleging that Liu recruited his former classmate Lin to work for Plaintiff. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the complaint as to Liu and Zhang.

4. Answering Defendants admit the allegations in paragraph 4 of the complaint.

5. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the complaint.

6. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the complaint.

7. Answering Defendants deny the allegations in paragraph 7 of the complaint.

8. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the complaint.

9. Answering Defendants admit Lin is the CEO and sole director of GrooMore. Answering Defendants deny all other allegations in paragraph 9.

10. Answering Defendants admit that Lin works for GrooMore and deny the allegation that Zhang currently works for GrooMore as alleged in paragraph 10 of the complaint.

11. Answering Defendants admit the allegations in paragraph 11 of the complaint as to the business name "GrooMore" and not "Groomore"

12. Answering Defendants deny the allegations in paragraph 12 of the complaint.

13. Answering Defendants deny the allegations in paragraph 13 of the

complaint.

14. Answering Defendants deny the allegations in paragraph 14 of the complaint.

15. Answering Defendants deny the allegations in paragraph 15 of the complaint.

16. Answering Defendants deny the allegations in paragraph 16 of the complaint.

17. Answering Defendants deny that GrooMore is responsible for the alleged claims in paragraph 17 of the complaint.

## THE PARTIES

18. Answering Defendants admit the allegations in paragraph 18 of the complaint with the exception of the second allegation in that Defendants have insufficient knowledge or belief as to whether Moement develops and offers an online pet grooming scheduling platform and downloadable mobile application software to pet groomers in the United States and abroad.

19. Answering Defendants admit the allegations in paragraph 19 of the complaint.

20. Answering Defendants admit the allegations in paragraph 20 of the complaint.

21. Answering Defendants admit the allegations in paragraph 21 of the complaint.

22. Answering Defendants admit the allegations in paragraph 22 of the complaint.

## JURISDICTION AND VENUE

23. Answering Defendants admit the allegations in paragraph 23 of the complaint.

24. Answering Defendants admit the allegations in paragraph 24 of the complaint.

- 3 -
DEFENDANT GROOMORE, INC AND CHUNLIANG LIN'S ANSWER TO PLAINTIFF MOEMENT, INC'S UNVERIFIED COMPLAINT

25. Answering Defendants admit the allegations in paragraph 25 of the complaint as to the allegations to Lin. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the complaint as to Liu and Zhang.

26. Answering Defendants admit the allegations in paragraph 26 of the complaint as to the allegations to Lin. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the complaint as to Liu and Zhang.

27. Answering Defendants admit the allegations in paragraph 27 of the complaint as to the allegations to Lin. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the complaint as to Liu and Zhang.

28. Answering Defendants admit the allegations in paragraph 28 of the complaint as to the allegations to Lin. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the complaint as to Liu and Zhang.

29. Answering Defendants deny the allegations in paragraph 29 of the complaint.

30. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

**FACTUAL ALLEGATIONS**

31. Answering Defendants admit the allegations in paragraph 31 of the complaint.

32. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. Answering Defendants lack knowledge or information sufficient to

form a belief about the truth of the allegations in paragraph 34.

35. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37. Answering Defendants admit the allegations in paragraph 37 of the complaint as to the allegations to Lin signing a written agreement requiring him to protect Plaintiff's confidential information. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the complaint as to Liu and Zhang. To the extent not expressly admitted herein, Answering Defendants deny each and every other allegation, express or implied, contained in the Complaint.

38. Answering Defendants admit the allegations in paragraph 38 of the complaint alleging Lin signed a Mutual Confidentiality Agreement. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the complaint as to Liu and Zhang. To the extent not expressly admitted herein, Answering Defendants deny each and every other allegation, express or implied, contained in the Complaint.

39. Answering Defendants admit the allegations in paragraph 39 of the complaint alleging Lin signed a Mutual Confidentiality Agreement. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the complaint as to Liu and Zhang. To the extent not expressly admitted herein, Answering Defendants deny each and every other allegation, express or implied, contained in the Complaint.

40. Answering Defendants admit the allegations in paragraph 40 of the complaint alleging Lin signed an Independent Contract Agreement. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the complaint as to Liu and Zhang. To

1  the extent not expressly admitted herein, Answering Defendants deny each and
2  every other allegation, express or implied, contained in the Complaint.

3    41. Answering Defendants admit the allegation in paragraph 41 of the
4  complaint alleging Lin signed a Founder Advisor Agreement. Answering
5  Defendants lack knowledge or information sufficient to form a belief about the
6  truth of the allegations in paragraph 41 of the complaint as to Liu and Zhang. To
7  the extent not expressly admitted herein, Answering Defendants deny each and
8  every other allegation, express or implied, contained in the Complaint.

9    42. Answering Defendants lack knowledge or information sufficient to
10 form a belief about the truth of the allegations in paragraph 42.

11   43. Answering Defendants deny the allegations in paragraph 43 of the
12 complaint.

13   44. Answering Defendants deny the allegations in paragraph 44 of the
14 complaint.

15   45. Answering Defendants deny the allegations in paragraph 45 of the
16 complaint.

17   46. Answering Defendants deny the allegations in paragraph 46 of the
18 complaint.

19   47. Answering Defendants deny the allegations in paragraph 47 of the
20 complaint.

21   48. Answering Defendants deny the allegations in paragraph 48 of the
22 complaint.

23   49. Answering Defendants deny the allegations in paragraph 49 of the
24 complaint.

25   50. Answering Defendants deny the allegations in paragraph 50 of the
26 complaint.

27   51. Answering Defendants deny the allegations in paragraph 51 of the
28 complaint.

52. Answering Defendants deny the allegations in paragraph 52 of the complaint.

### First Cause of Action

(Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831 et seq.)

53. Answering Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 52 of the complaint as if fully set forth herein.

54. Answering Defendants deny the allegations in paragraph 54 of the complaint.

55. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

56. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58. Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59. Answering Defendants deny the allegations in paragraph 59 of the complaint.

60. Answering Defendants deny the allegations in paragraph 60 of the complaint.

61. Answering Defendants deny the allegations in paragraph 61 of the complaint.

62. Answering Defendants deny the allegations in paragraph 62 of the complaint.

63. Answering Defendants deny the allegations in paragraph 63 of the complaint.

64. Answering Defendants deny the allegations in paragraph 64 of the complaint.

DEFENDANT GROOMORE, INC AND CHUNLIANG LIN'S ANSWER TO PLAINTIFF MOEMENT, INC'S UNVERIFIED COMPLAINT

65. Answering Defendants deny the allegations in paragraph 65 of the complaint.

66. Answering Defendants deny the allegations in paragraph 66 of the complaint.

67. Answering Defendants deny the allegations in paragraph 67 of the complaint.

## Second Cause of Action

(Violation of California's Uniform Trade Secrets Act,

Cal. Civ. Code § 3426 et seq.)

68. Answering Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 67 of the complaint as if fully set forth herein.

69. Answering Defendants deny the allegations in paragraph 69 of the complaint.

70. Answering Defendants deny the allegations in paragraph 70 of the complaint.

71. Answering Defendants deny the allegations in paragraph 71 of the complaint.

72. Answering Defendants deny the allegations in paragraph 72 of the complaint.

73. Answering Defendants deny the allegations in paragraph 73 of the complaint.

74. Answering Defendants deny the allegations in paragraph 74 of the complaint.

75. Answering Defendants deny the allegations in paragraph 75 of the complaint.

76. Answering Defendants deny the allegations in paragraph 76 of the complaint.

77. Answering Defendants deny the allegations in paragraph 77 of the

1 complaint.

78. Answering Defendants deny the allegations in paragraph 78 of the complaint.

79. Answering Defendants deny the allegations in paragraph 79 of the complaint.

80. Answering Defendants deny the allegations in paragraph 80 of the complaint.

## Third Cause of Action

(Breach of Contract)

81. Answering Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 80 of the complaint as if fully set forth herein.

82. Answering Defendants deny the allegations in paragraph 82 of the complaint.

83. Answering Defendants deny the allegations in paragraph 83 of the complaint.

84. Answering Defendants deny the allegations in paragraph 84 of the complaint.

## Fourth Cause of Action

(Copyright Infringement)

85. Answering Defendants incorporate by reference their responses to the allegations in paragraphs 1 through 84 of the complaint as if fully set forth herein.

86. Answering Defendants deny the allegations in paragraph 86 of the complaint.

87. Answering Defendants deny the allegations in paragraph 87 of the complaint.

88. Answering Defendants deny the allegations in paragraph 88 of the complaint.

89. Answering Defendants deny the allegations in paragraph 89 of the

1 complaint.

2 90. Answering Defendants deny the allegations in paragraph 90 of the
3 complaint.

4 91. Answering Defendants deny the allegations in paragraph 91 of the
5 complaint.

6 92. Answering Defendants deny the allegations in paragraph 92 of the
7 complaint.

8 93. Answering Defendants deny the allegations in paragraph 93 of the
9 complaint.

10 94. Answering Defendants deny the allegations in paragraph 94 of the
11 complaint. Moement's claims of statutory damages are barred by the registration
12 requirements of the Copyright Act, 17 U.S.C. § 412.

13 95. Answering Defendants deny the allegations in paragraph 95 of the
14 complaint.

### Fifth Cause of Action

(Violation of California Bus. & Prof. Code § 17200)

17 96. Answering Defendants incorporate by reference their responses to the
18 allegations in paragraphs 1 through 95 of the complaint as if fully set forth herein.

19 97. Answering Defendants deny the allegations in paragraph 97 of the
20 complaint.

21 98. Answering Defendants deny the allegations in paragraph 98 of the
22 complaint.

23 99. Answering Defendants deny the allegations in paragraph 99 of the
24 complaint.

25 100. Answering Defendants deny the allegations in paragraph 100 of the
26 complaint.

27 101. Answering Defendants deny the allegations in paragraph 101 of the
28 complaint.

DEFENDANT GROOMORE, INC AND CHUNLIANG LIN'S ANSWER TO PLAINTIFF MOEMENT, INC'S UNVERIFIED COMPLAINT

**Prayer for Relief**

1. Answering Defendants deny that Plaintiff is entitled to any relief prayed for in Paragraph 1.

2. Answering Defendants deny that Plaintiff is entitled to any relief prayed for in Paragraph 2.

3. Answering Defendants deny that Plaintiff is entitled to any relief prayed for in Paragraph 3.

4. Answering Defendants deny that Plaintiff is entitled to statutory damages. Plaintiff's prayer for statutory damages is barred by the registration requirements of the Copyright Act, 17 U.S.C. § 412.

5. Answering Defendants deny that Plaintiff is entitled to any relief prayed for in Paragraph 5.

6. Answering Defendants deny that Plaintiff is entitled to any relief prayed for in Paragraph 6.

7. Answering Defendants deny that Plaintiff is entitled to any relief prayed for in Paragraph 7.

8. Answering Defendants deny that Plaintiff is entitled to any relief prayed for in Paragraph 8.

9. Answering Defendants deny that Plaintiff is entitled to any relief prayed for in Paragraph 9.

**AFFIRMATIVE DEFENSES**

1. The cause of Plaintiff's alleged damages, if any, are the result of the acts and/or omissions of other parties, for which Answering Defendants are not liable.

2. Plaintiff's claims are barred, in whole or in part, in that Plaintiff would be unjustly enriched if allowed to recover the sums alleged in the Complaint.

3. Answering Defendants acted in good faith and are not the cause of Plaintiff's alleged harm.

4. Plaintiff ratified Answering Defendants' conduct.

5. Answering Defendants acted reasonably and within the scope of law at all times.

6. Plaintiff's claims fail based upon the doctrine of waiver.

7. Plaintiff's claims fail because its Copyright does not protect the alleged infringed uses.

8. Plaintiff's claims fail because statutory damages are barred by the registration requirements of the Copyright Act, 17 U.S.C. § 412.

Answering Defendants acknowledge that they do not have sufficient knowledge or information from which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. They therefore reserve the right to assert any additional affirmative defenses in the event that discovery indicates they would be appropriate.

**PRAYER**

WHEREFORE, Answering Defendants prays as follows:

1. That Plaintiff take nothing from this lawsuit;

2. For reasonable attorney's fees to the extent permissible under applicable law;

3. For costs of suit incurred herein; and

4. For such other relief as this Court deems just and proper.

Date: January 13, 2023          STRUCTURE LAW GROUP, LLP

By:  /s/ Robin Ratner
Robin R. Ratner, Esq.
Mathew M. Davis, Esq.
Attorneys for Defendant
GROOMORE, INC. AND
CHUNLIANG LIN