Robin Ratner, Esq. (SBN 195788)
rratner@structurelaw.com
Matthew M. Davis, Esq. (SBN 246647)
mdavis@structurelaw.com
STRUCTURE LAW GROUP, LLP
1801 Century Park E., Suite 475
Los Angeles, CA 90067
Telephone: (310) 818-7500
Facsimile: (408) 441-7501

Attorneys for Defendant
GROOMORE, INC. AND CHUNLIANG LIN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOEMENT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GROOMORE, INC., a Delaware corporation, CHUNLIANG LIN, an individual, JIE ZHANG, an individual, and SONGYUN LIU, an individual,<br><br>Defendants. | CASE NO. 22-CV-02871-MWF-JEM<br><br>**NOTICE OF ERRATA REGARDING JOINT RULE 26(F) REPORT FILED AS DOCKET NO. 32 FILED MARCH 26. 2023**<br><br>Dept.: Courtroom 5A<br>Judge: Hon. Michael W. Fitzgerald |

TO THE COURT AND TO COUNSEL OF RECORD FOR ALL PARTIES:

PLEASE TAKE NOTICE that Robin R. Ratner, Attorney for Defendants Groomore, Inc. and Chunliang Lin, hereby respectfully submits this Notice of Errata regarding the document entitled "Joint Rule 26(f) Report", filed on February 17, 2023, as document number 32.

Due to an oversight, on lines 11 through 12 of page 3, the following was

incorrectly written: "<u>They were</u> hired as independent contractors for a new business, as software engineers to help input the source code and systems." This sentence should instead read as follows: "<u>Zhang was</u> hired as an independent contractor for a new business, as a software engineer to help input the source code and systems." The revised Joint Rule 26(f) Report is attached hereto as Exhibit A and incorporated herein by reference.

    We apologize to the Court and other parties for any errors and any resultant confusion.

Date: March 31, 2023                    STRUCTURE LAW GROUP, LLP

By: _____
Robin R. Ratner, Esq.
Matthew M. Davis, Esq.
Attorneys for Defendant
GROOMORE, INC. AND
CHUNLIANG LIN

# EXHIBIT A

| | |
|---|---|
| 1 | Matthew R. Gershman (SBN CA 253031) |
| 2 | Jie (Lisa) Li (SBN CA 260474)<br>Betty H. Kim (SBN CA 341060) |
| 3 | GREENBERG TRAURIG, LLP<br>1840 Century Park East, Suite 1900 |
| 4 | Los Angeles, California 90067-2121<br>Telephone: 310.586.7700 |
| 5 | Facsimile: 310.586.7800<br>gershmanm@gtlaw.com |
| 6 | lil@gtlaw.com<br>kimb@gtlaw.com |
| 7 | Attorneys for Plaintiff MOEMENT, INC. |
| 8 | Robin Ratner, Esq. (SBN CA 195788) |
| 9 | Matthew Davis, Esq. (SBN CA 246647)<br>STRUCTURE LAW GROUP, LLP |
| 10 | 1801 Century Park E., Suite 475<br>Los Angeles, CA 90067 |
| 11 | Telephone: 310.818.7500<br>Facsimile: 408.441.7501 |
| 12 | rratner@structurelaw.com<br>mdavis@structurelaw.com |
| 13 | Attorneys for Defendants GROOMORE, INC.<br>and CHUNLIANG LIN |

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOEMENT, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>GROOMORE, INC., a Delaware corporation, CHUNLIANG LIN, an individual, JIE ZHANG, an individual, and SONGYUN LIU, an individual,<br><br>    Defendants. | CASE NO. 2:22-cv-02871-MWF(JEMx)<br><br>**JOINT RULE 26(F) REPORT**<br><br>Judge Hon. Michael W. Fitzgerald<br>Place: Courtroom 5A<br><br>Action Filed: April 29, 2022 |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), C.D. Cal. LR-26-1, and the Court's January 17, 2023 Order Setting Scheduling Conference, Plaintiff Moement, Inc. ("Plaintiff") and Defendants GrooMore, Inc. ("GrooMore") and Chunliang Lin ("Lin") (collectively "Answering Defendants"), by their undersigned counsel, hereby submit this Joint Rule 26(f) Report following their February 8, 2023 telephonic Rule 26 Conference.

I.     **STATEMENT OF THE CASE**

Plaintiff's Position:

This case is about Plaintiff protecting its trade secrets and copyright against the theft and misappropriation by three former technical advisors and software engineers, who stole Plaintiff's confidential and proprietary source code and business information to start a competing business, GrooMore.

In 2017, Plaintiff hired Defendants Lin, Zhang, and Liu as technical advisors to build an online pet grooming scheduling software system known as "Moego". As part of their involvement in the development, testing, and operation of Moego, they had full access to all of Moego's backend source code.

On or around June 30, 2020, Zhang gave notice to terminate his employment with Plaintiff. On or around June 5, 2020, weeks before his last day, Zhang secretly downloaded from Plaintiff's secure internal network a full copy of the Moego v.1 backend source code and saved it to his personal cloud storage without Plaintiff's authorization, which consisted of 148 files made up of 93,058 lines of confidential and proprietary computer scripts that took Plaintiff at least 25,000 engineering hours over four years to create and build (the "Moement Trade Secrets").

Within four months of Zhang leaving Plaintiff, Lin incorporated GrooMore and quickly launched an online platform and mobile applications that directly compete with Plaintiff in the pet grooming scheduling business. Upon investigation, Plaintiff discovered that GrooMore's user interface designs for its online platform and mobile applications were substantially similar to Moego's. Furthermore, Plaintiff discovered that GrooMore's software used Plaintiff's Apple Push Notification service (APNs) certificate and Google

Map API Key, which are keys uniquely assigned to Plaintiff. GrooMore's software could not have used these keys but for Defendant's copying and misappropriation of the Moement Trade Secrets.

Therefore, Plaintiff brings the present action against Defendants for violations of the Defend Trade Secrets Act and California's Uniform Trade Secrets Act, breach of contract, copyright infringement, and unfair business practices.

Answering Defendants' Position:

There was never any "theft and misappropriation by three former technical advisors and software engineers." This case is simply an established player seeking to shut down a competitor by tarring it with the same brush as Zhang. Zhang and Lu never worked for the Answering Defendants. Zhang was hired as an independent contractor for a new business, as a software engineer to help input the source code and systems. Once it was completed the Answering Defendants did not have any further communications with either of these named defendants.

Answering Defendants did not direct Zhang's actions when he downloaded code from Plaintiff's repository. Nor did they ratify his actions after the fact. The Answering Defendants were unaware that Zhang downloaded from Plaintiff's repository a portion of Plaintiff's source code until they were alerted to the fact by Plaintiff, scarcely two months after the company was up and running. The API key and APN certificate were never used, and in any event, were never protected by MoeGo's copyright or trade secret protection in the first place. Answering Defendants were in business for a couple of months before learning about the error, the key was never used. Plaintiff has absolutely no basis to seek damages. It has not proven it has been damaged at all.

## II.     SUBJECT MATTER JURISDICTION

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 18 U.S.C. § 1836(c), as the action arises under the federal Defend Trade Secrets Act and the Copyright Act. This Court has supplemental jurisdiction over Plaintiff's state law claims under the California Uniform Trade Secret Act, Cal. Civ. Code § 3426, et seq., for

breach of contract, and unfair competition under California state laws pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims are so closely related to its federal claims that they form part of the same case of controversy under Article III of the United States Constitution.

This Court has personal jurisdiction over corporate defendant GrooMore because it performs continuous and systematic business in California and sells its software and services within this District.

This Court has personal jurisdiction over individual defendants Lin, Zhang, and Liu because each of these defendants signed multiple contracts in 2017, 2018, and 2020 with Plaintiff expressly submitting to the personal jurisdiction and venue of federal and state courts within the State of California.

### III. **LEGAL ISSUES**

<u>Plaintiff's Position:</u>

The primary legal issues in this case are whether Defendants' conduct violated the Defend Trade Secrets Act and California's Uniform Trade Secrets Act; whether individual defendants Lin, Liu and Zhang breached their contractual duties to Plaintiff; whether GrooMore's conducts constituted copyright infringement and unfair competition; and whether Plaintiff is entitled to injunctive relief, compensatory and punitive damages, statutory damages for copyright infringement, exemplary damages, prejudgment and post-judgment interest, and attorneys' fees.

<u>Answering Defendants' Position:</u>

Before determining whether Answering Defendants' conduct violated the Defend Trade Secrets Act and California's Uniform Trade Secrets Act, the case will necessarily address whether Plaintiff's code base was a protected trade secret within the meaning of those laws. The validity and timing of Plaintiff's copyright registration will also be a key issue for determining the availability of various categories of copyright damages and attorney fees.

//

Finally, with regard to Plaintiff's equitable claims under the unfair competition law, the issue arises whether Plaintiff's unclean hands in this matter will disqualify Plaintiff from any such equitable relief. Preliminary investigation suggests that Plaintiff is engaged in an industrial espionage operation against the Answering Defendants, including without limitation "hacking" launched against the Answering Defendants' servers and agents placing negative reviews of the Answering Defendants' software in the Google Play Store and Apple App Store.

## IV.  PARTIES AND EVIDENCE

Plaintiff's Position:

The parties, percipient witnesses and key documents on the main issues in this case include the following:  Plaintiff and its affiliates; Defendants; witnesses that parties may identify in their respective Rule 26(a) Initial disclosures and Rule 26 expert disclosures; Independent Contractor Agreements and Mutual Confidentiality Agreements signed by Defendants Lin, Zhang and Liu; Plaintiff's APNs certificate file "apns-moego-b-2021.p12"; Plaintiff's Google Map API key; Plaintiff's Moego v.1 backend source code; Defendant GrooMore's backend source code; communications among Defendants Lin, Zhang and Liu regarding Plaintiff and starting Defendant GrooMore.  Third parties will also have pertinent evidence, including but not limited to, Github where Zhang stored a copy of the Moego source code that he downloaded from Plaintiff's server; Google Play and Apple App Store, where GrooMore published its mobile applications.

Answering Defendants' Position:

In addition to the percipient witnesses and documents already identified by Plaintiff, key evidence includes evidence of hacking against the Answering Defendants' servers and a concerted campaign by agents of Plaintiff to sabotage the ratings of the Answering Defendants' software in the app stores through which the software is distributed. Our expert is also expected to testify at trial.

//
//

## V. DAMAGES

Plaintiff's Position:

Plaintiff seeks equitable relief that, at minimum, (i) enjoins all Defendants from retaining, using, sharing, or disclosing the Moment Trade Secrets and Plaintiff's other copyright protected information, (ii) requires Defendants to immediately return and/or destroy all Moement Trade Secrets and other Plaintiff's confidential business information in their possession, custody or control, (iii) identifies any other persons, entities, or locations to which Defendants have transmitted, disclosed, or stored any Moement Trade Secrets; and (iv) enjoins all Defendants from future infringement of Plaintiff's copyright.

Plaintiff also seeks compensatory damages caused by Defendants' misappropriation and copying of the Moego v.1 backend source code, measured by a reasonable royalty, Plaintiff's lost profits, Defendants' unjust enrichment, avoided costs, or disgorgement of all profits unjustly retained by Defendants. Plaintiff further seeks statutory damages for copyright infringement, exemplary damages, punitive damages, prejudgment and post-judgment interest, and attorneys' fees.

Answering Defendants' Position:

Plaintiff did not register its copyright in its source code in time to preserve any entitlement to statutory damages or attorney fees. 17 U.S.C. § 412. Plaintiff's damages will necessarily be restricted to those that Plaintiff can prove.

Further, Plaintiff's claims for injunctive relief will depend not only on Plaintiff's ability to prove that infringement is ongoing, but that Plaintiff has not engaged in activities that would preclude equitable relief under the doctrine of unclean hands. It is also expected that Plaintiff will not be able to quantify or verify any damages prayed for in the complaint.

## VI. INSURANCE

Neither side is aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action.

//

## VII. MOTIONS

Plaintiff does not presently intend to file any motions seeking to add other parties or claims, to amend pleadings, or to transfer venue. Plaintiff intends to seek entry of default against individual defendants Liu and Zhang, who were served in May 2022 but failed to appear or answer. Plaintiff may also bring a motion for summary judgment or partial summary judgment.

Answering Defendants plan to file a motion for summary judgment or partial summary judgment as well.

## VIII. MANUAL FOR COMPLEX LITIGATION

The parties do not believe any part of the procedures for the Manual for Complex Litigation should be utilized here.

## IX. STATUS OF DISCOVERY

Plaintiff intends to serve first sets of written discovery requests on Defendants in March 2023.

## X. DISCOVERY PLAN

The parties agree that no changes need to be made to requirements for disclosure under Fed. R. Civ. P. 26(a).

The parties agree to work together to draft a stipulated protective order and an order governing discovery of electronically stored information and will submit them to the Court for consideration.

The parties agree that it is premature at this time to expand the number of interrogatories or depositions beyond those permitted by the Federal Rules and Local Rules. If either party comes to believe that additional discovery is necessary, the parties will meet and confer in an attempt to reach an agreement and if that fails, seek assistance of the Court.

The parties are meeting and conferring over the possibility of sharing costs by hiring a neutral expert to compare Plaintiff's source code with Defendant GrooMore's source code (the version GrooMore used prior to the date of this lawsuit) for similarities.

## XI. PROPOSED DISCOVERY CUTOFF DATE

The parties propose a fact discovery cutoff date of February 13, 2024.

## XII. EXPERT DISCOVERY

The parties propose the following schedule for expert discovery:

| | |
|---|---|
| Deadline to Exchange Expert Disclosures (Initial) | March 20, 2024 |
| Deadline to Exchange Expert Disclosures (Rebuttal) | April 19, 2024 |
| Expert Discovery Cut-Off | March 12, 2024 |

## XIII. DISPOSITIVE MOTIONS

Plaintiff may file a motion for summary judgment or motion for partial summary judgment.

## XIV. SETTLEMENT/ADR

The parties engaged in settlement discussions in July 2022 after Defendants moved to dismiss the action, but the parties were unable to reach an agreeable settlement. The parties agree that the Attorney Settlement Officer Panel would be the appropriate ADR option in this action.

## XV. TRIAL ESTIMATE

The parties currently estimate a trial of 7-10 days, but do not know at this time the precise number of witnesses that may be called at trial.

## XVI. TRIAL COUNSEL

Plaintiff will be represented at trial by Matthew R. Gershman, Jie (Lisa) Li, and Betty H. Kim of Greenberg Traurig, LLP.

Answering Defendants will be represented at trial by Robin Ratner and Matthew M. Davis of Structure Law Group, LLP.

## XVII. INDEPENDENT EXPERT OR MASTER

The parties are meeting and conferring over whether this case should have a master appointed pursuant to Fed. R. Civ. P. 53 or an independent scientific expert who can compare the backend source codes of Plaintiff and Defendant GrooMore.

//

## XVIII. TIMETABLE

The Schedule of Pretrial and Trial Dates is attached hereto as Exhibit A.

## XIX. OTHER ISSUES

The parties do not have any additional issues at this time.

Pursuant to Local Rule 5-4-3.4(a)(2)(i), it is attested that all signatories listed below, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing, including the use of /s/ electronic signatures.

DATED: March 31, 2023　　　　　　GREENBERG TRAURIG, LLP

By _____
Matthew R. Gershman
Jie (Lisa) Li
Betty H. Kim

Attorneys for Plaintiff
MOEMENT, INC.

DATED: March 31, 2023　　　　　　STRUCTURE LAW GROUP, LLP

By /s/ Robin B. Ratner
Robin Ratner
Matthew Davis

Attorneys for Defendants
GrooMore, Inc.
Chunliang Lin

JUDGE MICHAEL W. FITZGERALD
SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | CASE NO. 2:22-cv-02871-MWF(JEMx) |
|---|---|
| Case Name | *Moement, Inc. v. Groomore, Inc., et al.* |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [ x ] Jury Trial *or* [ ] Court Trial **(Tuesday at 8:30 a.m.)** Duration Estimate: __7-10___ Days | June 18, 2024 | June 18, 2024 | |
| Final Pretrial Conference[LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)** Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two(2) weeks** before this date; no reply briefs. | May 28, 2024 | May 28, 2024 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | June 19, 2023 | August 15, 2023 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | February 13, 2024 | February 13, 2024 | |
| Expert Disclosure (Initial) | | March 20, 2024 | March 20, 2024 | |
| Expert Disclosure (Rebuttal) | | April 19, 2024 | April 19, 2024 | |
| Expert Discovery Cut-Off | 14 * | March 12, 2024 | March 12, 2024 | |
| Last Date to **Hear** Motions (Monday at 10:00 a.m.) | 14 | March 11, 2024 | March 11, 2024 | |
| Last Date to Conduct Settlement Conference | 12 | March 26, 2024 | March 26, 2024 | |
| For Jury Trial<br>• File Memorandum Contentions of Fact and of Law, LR 16-4<br>• File Exhibit and Witness Lists, LR 16-5.6<br>• File Status Report Regarding Settlement<br>• File Motions *In Limine* | 6 | May 7, 2024 | May 7, 2024 | |
| For Jury Trial<br>• Lodge Pretrial Conference Order, LR 16-7<br>• File Agreed Set of Jury Forms Instructions and Verdict<br>• File Statement Regarding Disputed Instructions, Verdicts, etc.<br>• File Oppositions to Motions *In Limine* | 5 | May 14, 2024 | May 14, 2024 | |
| For Court Trial<br>• Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | May 28, 2024 | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☒ Attorney Settlement Officer Panel     ☐ Private Mediation     ☐ Magistrate Judge (with Court approval)