Austin T. Jackson, Esq. (SBN: 312698)
ajackson@structurelaw.com
Jessica I. Nwasike, Esq. (SBN: 343087)
jnwasike@structurelaw.com
Tatiana Delogramatic, Esq. (SBN: 338193)
tdelogramatic@structurelaw.com
STRUCTURE LAW GROUP, LLP
1801 Century Park E., Suite 475
Los Angeles, CA 90067
Telephone: (310) 818-7500
Facsimile:  (408) 441-7501

Attorneys for Defendant
GROOMORE, INC. AND CHUNLIANG LIN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOEMENT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GROOMORE, INC., a Delaware corporation, CHUNLIANG LIN, an individual, JIE ZHANG, an individual, and SONGYUN LIU, an individual,<br><br>Defendants. | CASE NO. 22-cv-02871-WLH(KSx)<br><br>**DEFENDANTS GROOMORE, INC. AND CHUNLIANG LIN'S OPPOSITION TO PLAINTIFF MOEMENT, INC.'S MOTION TO CONTINUE MEDIATION COMPLETION DATE**<br><br>Date:   April 12, 2024<br>Time:   1:30 p.m.<br>Dept.:  9B<br>Judge:  Hon. Wesley L. Hsu |

Defendants Groomore, Inc. and Chunliang Lin ("Defendants") hereby submits their Opposition to Plaintiff Moement, Inc.'s ("Plaintiff") Motion to Continue Mediation Completion Date (the "Motion").

## I. **INTRODUCTION**

Plaintiff unreasonably requests mediation completion date continuance in this matter. The case was initially referred to mediation by Court Order dated March 3, 2023, with a mandated completion date of March 29, 2024. Despite the Court's subsequent order on January 12, 2024, which granted a continuance of trial and all related dates, it did not address the mediation completion date, leaving it unchanged from the original March 3, 2023 Order.

Through this motion, Plaintiff now seeks to extend the completion date of mediation. However, Plaintiff's request lacks the requisite diligence, genuine need, and justification. Moreover, granting the continuance would cause inconvenience to the Court and Defendants without demonstrating any prejudice to the Plaintiff.

Considering these factors, the requested continuance is unwarranted as there is no "good cause" presented by the Plaintiff. Upholding the original mediation completion date ensures fairness, efficiency, and respect for the judicial process.

## II. GOOD CAUSE DOES NOT EXIST TO CONTINUE MEDIATION COMPLETION DATE

The Federal Rules of Civil Procedure does not contain a formal procedure for a Motion for Continuance. However, Rule 6(b)(1), Federal Rules of Civil Procedure does set forth the procedure for extending the time to do something required by order of the court or by rule as follows: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

A scheduling order may be modified "for good cause." Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Ninth Circuit courts apply a four-factor test to determine whether to grant a motion for continuance. See *Nolan v. City of Los Angeles* 2014 WL 66416 (C.D. Cal. 2014). The four factors include: (1) whether the requesting party has been diligent; (2) whether there is a genuine need for the continuance; (3) whether the continuance will inconvenience the Court and the opposing party including its witnesses; (4) whether the requesting party will suffer prejudice if the request is denied. *Id*.

In light of these standards, it becomes evident that Plaintiff has failed to demonstrate good cause for the requested extension.

First, Plaintiff failed to exhibit diligence in seeking the continuance of the mediation completion date. Despite the Court ordering a continuance of trial and all related dates on January 12, 2024, Plaintiff failed to address the mediation completion date, which remained unchanged

from the initial March 3, 2023 Order. Additionally, although Plaintiff was aware of the scheduling order mandating mediation completion by March 29, 2024, they waited until the end of February 2024, just before the deadline, to file the motion for continuance. This lack of timely action reflects a failure to prioritize the mediation process and raises questions about the validity of Plaintiff's request.

Second, Plaintiff's motion for continuance appears more as a strategic maneuver than a genuine necessity. Plaintiff has not presented compelling reasons to justify the continuance of the mediation completion date. Contrary to their assertions, Defendants are prepared for mediation, and any delay would only serve to burden the parties further. Plaintiff's claim of needing additional time for discovery is undermined by their failure to pursue timely resolution of discovery disputes. Moreover, Plaintiff's retention of new counsel does not constitute grounds for extending the mediation deadline.

Third, granting the requested continuance would inconvenience both the Court and Defendants. Defendants are prepared and eager to engage in mediation, and any delay would impose unnecessary financial burdens and disrupt their schedules. Additionally, prolonging the mediation process would strain judicial resources and undermine the efficient administration of justice. In fact, a continuance of the mediation date in order for new counsel to conduct an entirely new round of discovery will do nothing but further drive up the costs of litigation and likely push the parties further apart. Plaintiff's motion failed to adequately address why they needed more time to complete mediation and the need for additional discovery. Specifically, they failed to identify what it is they are missing besides some documents they would need to be fully prepared for mediation. Conversely, adhering to the original mediation completion date would ensure procedural efficiency and respect the interests of all parties involved.

Fourth, denying Plaintiff's motion would not prejudice them. On the contrary, proceeding with mediation as scheduled would enable Defendants to pursue timely resolution of the dispute and avoid prolonged litigation expenses. In contrast, granting the continuance would unfairly prejudice Defendants by subjecting them to further delay and uncertainty.

In summary, Plaintiff's arguments fail to establish good cause for the requested extension.

DEFENDANTS GROOMORE, INC. AND CHUNLIANG LIN'S OPPOSITION TO PLAINTIFF MOEMENT, INC.'S MOTION TO CONTINUE MEDIATION COMPLETION DATE

## III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Continue Mediation Completion Date and affirm the March 29, 2024, deadline for completing mediation.

Date: March 22, 2024                    STRUCTURE LAW GROUP, LLP

By: /s/Austin Jackson
    Austin Jackson, Esq.
    Jessica Nwasike, Esq.
    Tatiana Delogramatic, Esq.
    Attorneys for Defendant
    GROOMORE, INC. AND CHUNLIANG LIN