CHRISTOPHER PELHAM (BAR NO. 241068)
ALEX SCANDROLI (BAR NO. 345278)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:   (213) 892-9200
Facsimile:   (213) 892-9494
christopher.pelham@nortonrosefulbright.com
alex.scandroli@nortonrosefulbright.com

Attorneys for Plaintiff
MOEMENT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOEMENT, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>GROOMORE, INC., a Delaware corporation, CHUNLIANG LIN, an individual, JIE ZHANG, an individual, and SONGYUN LIU, an individual,<br><br>              Defendant. | Case No. 2:22-cv-02871-WLH (JEMx)<br><br>*[Assigned to the Hon. Wesley L. Hsu; Courtroom 9B]*<br><br>**PLAINTIFF MOEMENT, INC.'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO PREVENT INTRODUCTION OF INADMISSIBLE EVIDENCE IN VIOLATION OF BEST EVIDENCE RULE AND ILLEGALLY OBTAINED EVIDENCE**<br><br>**<u>Final Pretrial Conference</u>**<br>Date:           November 22, 2024<br>Time:           1:30 p.m.<br>Courtroom:   9B<br><br>Action Filed: April 29, 2022<br>*In Limine* Deadline: October 25, 2024<br>Trial: December 9, 2024 |

Plaintiff Moement, Inc. ("Moement"), by and through its undersigned counsel, hereby submits its opposition to Defendants Groomore, Inc.'s ("Groomore") and Chunliang Lin's ("Lin") (together, "Defendants") Motion *In Limine* No. 2 ("Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants advance three unpersuasive arguments to exclude evidence of Groomore's website and evidence of misappropriation found in a source code repository registered to defaulting co-defendant Jie Zhang ("Zhang"): (1) Federal Rule of Evidence ("FRE") 1002 (a/k/a the Best Evidence Rule) prohibits admission; (2) Moement cannot authenticate the evidence; and (3) the evidence was improperly obtained. As addressed in turn below, each of these arguments fail to establish the inadmissibility under any evidence rule.

### A.   The Best Evidence Rule Does Not Prohibit Admission

As an initial matter, the body of evidence that Defendants seek to exclude is the same evidence Moement defined as the "Zhang Evidence" and moved *in limine* to admit. (*See* generally Dkt. 147.) While Defendants mischaracterize this evidence as "screenshots," in fact the evidence is contemporaneous recordings of a Moement employee executing commands on a computer in the presence of a notary. During this litigation, Moement reduced these recordings to images on PDF for purposes of production, however, the original recordings were also produced to Defendants.[1]

For efficiency purposes, Moement does seek to admit the relevant PDF images derived from the contemporaneous recordings into evidence rather than playing the full recordings. These images are not only probative on the substantial

---

[1] For reference, the original video files the PDF images are derived from were produced as MOEMENT004479, MOEMENT004512, MOEMENT004600, and MOEMENT004672.

DOCUMENT PREPARED ON RECYCLED PAPER

similarities between MoeGo and Groomore, but also conclusively establish that (1) a token to access a Github repository indisputably linked to Zhang was found in Groomore's publicly accessible front-end source code; (2) a copy of MoeGo v.1 was found in Zhang's Github repository; and (3) the copy of MoeGo v.1 was being reprogrammed to reference and run Groomore.

The Best Evidence Rule provides the original of a "writing, recording, or photograph" is required to prove the contents thereof. FRE 1002. A writing or recording includes a "mechanical or electronic recording[,]" (FRE 1001(1)), and photographs include "still photographs, X-ray films, video tapes, and motion pictures." FRE 1001(2). An original is the writing or recording itself, a negative or print of a photograph or, "[i]f data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately." FRE 1001(3); *see also U.S. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004) (articulating the aforementioned rules).

Contrary to Defendants' position, though, the PDF images do not run afoul of the Best Evidence Rule. The rule is inapplicable where, as here, the individual who witnessed the events being recorded, Moement employee Junbao Yang ("Yang"), will testify that these images are "correct representation[s] of events which he saw." *See U.S. v. Workinger*, 90 F.3d 1409, 1415 (9th Cir. 1996) ("we, of course, are well aware of the fact that a tape recording cannot be said to be the best evidence of a conversation when a party seeks to call a participant in or observer of the conversation to testify to it. *In that instance, the best evidence rule has no application at all*.").

Here, Yang is both the participant and observer to the commands he is executing on the computer while taking the recordings. Yang therefore has percipient knowledge of the contents of the contemporaneous recordings and can confirm the still images are "correct representations of events which he saw" in the

recordings. *Id.* Accordingly, the Best Evidence Rule is not implicated.[2]

**B.  The Notarized Contemporaneous Recordings Will Be Authenticated by the Employee who took the Recordings**

Defendants disingenuously claim "the screenshots were created by third party witnesses in China who are not witnesses that Plaintiff seeks to admit testimony from." (Motion, p. 4:18-20.)  This is false in at least two respects.  First, Moement's CEO testified[3] that employees Yang and Peng Cheng Cai <u>both</u> were involved in taking the contemporaneous recordings of Groomore's website and the evidence found in Zhang's Github locker.  Second, Yang was disclosed to Defendants over four months ago in Moement's supplemental initial disclosures as having knowledge concerning this evidence and has since been designated as a trial witness. (Dkt. 146.)  Thus, Yang, who remains a Moement employee, is clearly not an undisclosed third party and will testify at trial.

Authentication under FRE 901 requires "evidence sufficient to support a finding that the matter in question is what its proponent claims."  Without cavil, documentary evidence can be authenticated by the testimony of a witness with percipient knowledge of what the documents show.  *U.S. v. Childs,* 5 F.3d 1328, 1336 (9th Cir.1993), *cert. denied,* 511 U.S. 1011 (1994).  Moement need only make a *prima facie* showing of authenticity "so that a reasonable juror could find in favor of authenticity or identification."  *U.S. v. Chu Kong Yin,* 935 F.2d 990, 996 (9th Cir. 1991).  Once the *prima facie* case for authenticity is met, the probative value of the evidence is a matter for the jury.  *Id.*

Here, Yang has the percipient knowledge concerning the contents of the

---

[2] Even if the rule were implicated, the produced original videos are available and can be played into the record insofar as the Court deems necessary.

[3] (Declaration of Alex Scandroli ("Scandroli Dec."), ¶ 2; Exh. A, Moement's 30(b)(6) transcript at 66:12-24; 67:7-23.)

DOCUMENT PREPARED ON RECYCLED PAPER

evidence Moement will introduce,[4] and his testimony serves as "sufficient evidence to support a finding that the matter in question is what its proponent claims." FRE 901. To support Yang's authentication, Moement will also introduce the notary certificates of the recordings which effectively confirms there were no alterations to the recordings. Further, Moement's forensic analyst, Willis McDonald, fully scrutinized these recordings to confirm the steps Yang took and will testify as to the accuracy of what the recordings show. (*See* Dkt. 147-2; Exh. B attaching expert report analyzing the recordings.)

In sum, Moement can and will make a robust showing of authentication that readily satisfies the requirements of FRE 901.

### C. The Equities Favor Admission of the Evidence

For the reasons set forth in Moement's motion *in limine* No. 5 to admit the Zhang Evidence,[5] on balance, the equities favor substantively admitting the evidence notwithstanding the issue of how the evidence was obtained. While Defendants mischaracterize the access to Zhang's Github as "hacking," they have yet to offer any explanation for why the token to Zhang's Github was found in Groomore's publicly available front-end code.[6] Nor have Defendants offered any explanation for why Zhang was reprogramming MoeGo v.1 to run and reference Groomore.

---

[4] In conclusory fashion, Defendants label this evidence as hearsay, (Motion, p. 1:12), without providing any legal explanation for how a recording of computer commands is testimonial in nature. McCormick On Evidence, § 294(b), p. 447 (8th ed. 2022) (computer-generated records should not be considered hearsay because "such records are not the counterpart of a statement by a human declarant."). Further, the computer user (*i.e.*, Yang) will testify at trial such that the purported declarant will be tested through cross-examination.

[5] (*See generally* Dkt. 147.)

[6] Moement's counsel appreciates the statutory implications of Moement's employees taking self-help steps to access Zhang's Github account (done without the advice of counsel and prior to the lawsuit). (*See* Dkt. 147, p. 5) (discussing that Moement employees accessed Zhang's Github using a token found in Groomore's publicly accessible front-end code).

Instead, what Defendants have put into the record are a series of false propositions that are contradicted by the Zhang Evidence they aim to exclude:

- Groomore's source code language at the time of launch was different than MoeGo v.1 (Scandroli Dec., ¶ 3; Exh. B (Groomore 30(b)(6)) at pp. 12-13);
- Lin did not make changes to the beta version of Groomore's source code that he purportedly produced for expert inspection (Id. at pp. 20-22);
- Lin purportedly audited Groomore's source code to verify that it contained no technologies belonging to Moement (*Id.* at pp. 73-76);
- Lin has had no communications with Zhang since he left Moement in June of 2020 (*Id.* at pp. 100-101); and
- Lin was not aware Zhang had uploaded a copy of MoeGo v.1 to his Github, and was editing the copy to reference and run Groomore. (Scandroli Dec., ¶ 4; Exh. C (Lin transcript) at pp. 19-20.)

At the pre-trial conference of counsel and in subsequent trial filings, Defendants have made clear their intention to introduce the aforementioned false impressions to the jury. Because the only 'evidence' in support of these propositions is Lin's word (Zhang failed to participate in the litigation and Lin produced no records corroborating these facts), admission of the Zhang Evidence is essential to Moement's affirmative case. Thus, the concerns regarding potential improprieties arising from accessing Zhang's Github does not override the overwhelming probative value of this evidence which is virtually dispositive on the question of misappropriation.

On the other hand, Defendants have offered no prejudice they will suffer

should the evidence be admitted except of course the Zhang Evidence will undercut their unsubstantiated defenses. Given this, the Court should deny Defendants' request for exclusion and decide the threshold question of admissibility based on the arguments made in Moement's motion *in limine* No. 5. (Dkt. 147.)

Alternatively, if the Court is inclined to exclude the Zhang Evidence, Moement submits the evidence should still be admitted for impeachment purposes. As laid out above, Moement expects Defendants to present Lin's "broad disclaimer of misconduct" with respect to his connection to Zhang or their development of the Groomore backend source code using MoeGo v.1. *U.S. v. Castillo*, 181 F.3d 1129, 1132-33 (9th Cir. 1999) (permitting extrinsic evidence of impeachment-by-contradiction where witness "volunteer[s] on direct examination [an] expansive and unequivocal denial" of misconduct).

In response, Plaintiff should be permitted to introduce the Zhang Evidence through extrinsic impeachment of these disclaimers. This evidence falls outside of FRE 608(b), which prohibits "extrinsic evidence . . . to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." *Id.* Instead, this type of impeachment evidence falls within the ambit of FRE 607. *See, e.g., Ernst v. HB Aspen, Inc.*, 2008 WL 11337009, at *7 fn. 8 (C.D. Cal. 2008) (explaining FRE 607 allows extrinsic evidence for impeachment-by-contradiction). Finally, should the Court allow the Zhang Evidence for impeachment purposes, Moement will propose a jury instruction so the jury may only consider that evidence as contradiction of Defendants' testimony on the contradicted subject or proposition.

## II. CONCLUSION

For the foregoing reasons, Moement respectfully requests the Court deny Defendants' Motion in its entirety. Further, as was requested in Moement's motion *in limine* No. 5, (Dkt. 147), should the Court deem the Zhang Evidence

substantively inadmissible, Moement respectfully requests it still allow the evidence be used for extrinsic impeachment and for curative admissions purposes.

*L.R. 11-6.1 Certification: the undersigned, counsel of record for Plaintiff, hereby certifies that this brief contains 1,814 words, excluding captions, signature blocks and this certification, and is therefore under 2,500 word limit set by the Court's Standing Trial Order for motions in limine.*

Dated:  November 1, 2024

CHRISTOPHER PELHAM
**NORTON ROSE FULBRIGHT US LLP**

By: /s/ Christopher Pelham
  CHRISTOPHER PELHAM
  ALEX SCANDROLI
  Attorneys for Plaintiff
  MOEMENT, INC.