IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOEMENT, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>GROOMORE, INC., a Delaware corporation, CHUNLIANG LIN, an individual, JIE ZHANG, an individual, and SONGYUN LIU, an individual,<br><br>　　　　　　　Defendant. | Case No. 2:22-cv-02871-WLH (JEMx)<br><br>*[Assigned to the Hon. Wesley L. Hsu; Courtroom 9B]*<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF MOEMENT, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST JIE ZHANG**<br><br>Trial Date:　　May 12, 2025<br>Verdict Date:　May 22, 2025<br>Motion Date:　June 5, 2025<br>Hearing Date:　July 18, 2025 |

On June 20, 2025, Plaintiff Moement, Inc. filed it's Motion for Default Judgment Against Defendant Jie Zhang ("Defendant Zhang").

The Court, having considered Plaintiff's Motion and finding good cause therefor, hereby GRANTS Plaintiff's Motion and ORDERS the following against Defendant Zhang:

### Default Judgment

Defendant Zhang is hereby adjudged liable to Moement for the following:

- Willful and malicious violation of the Defense of Trade Secrets Act violation under 18 U.S.C. § 1831 et seq.;
- Willful and malicious violation of the California Uniform Trade Secrets Act violation under Cal. Civ. Code § 3426 et seq;
- Breaches of the Founder Advisor Agreement, Independent Contractor Agreement, and Mutual Confidentiality Agreement;
- Willful Copyright Infringement in violation of the Copyright Act; and
- Unfair competition in violation of California Bus. & Prof. Code § 17200.

Damages to be entered in the judgment against Defendant Zhang are as follow:

- $6,838,985 in compensatory damages representing Moement's lost profits;
- $13,677,970 in exemplary damages; and
- $2,849,577 in pre-judgment interest.

Moement shall submit supplemental briefing on its entitlement to attorneys' fees no later than July ___, 2025.  Moement shall submit a proposed judgment based on the foregoing order no later than July ___, 2025.  Post-judgment interest shall accrue beginning on the date judgment issues.

### Permanent Injunction

For purposes of this injunction, the term "Moement Trade Secret Information" means any confidential information copied or derived from, in whole or in part from

the source code titled MoeGo v.1, which the jury found were used or acquired through improper means. For purposes of this injunction, "Moement Confidential Information" means any licenses, customer data, or other confidential material which was proven at trial to be in Defendant Zhang's possession either directly or indirectly through third-parties.

Defendant Zhang, and any of his current or former officers, agents, servants, employees, distributors, and resellers of any type, and all those persons in active concert or participation with him who receive actual notice of the order by personal service or otherwise, are immediately and permanently enjoined from performing any of the following actions:

(1) possessing, accessing, reviewing, using, or disclosing Moement Trade Secret Information, in whole or in part, anywhere in the world.

(2) making, offering to sell, selling, or otherwise distributing anywhere in the world any product derived from Moement Trade Secret Information.

(3) advertising, promoting, offering to sell, selling, or otherwise providing services anywhere in the world using or claiming the benefit of Moement Trade Secret Information.

(4) within 30 days of this order, Defendant Zhang shall certify to Moement in sworn declaration an accounting of any and all tangible or intangible benefit they, or any persons acting on their behalf, have gained or derived from having access to or possession of Moement Trade Secret Information, including but not limited to monetary benefits, revenues, profits, interests, costs savings, research and development, customer accounts, technical know how, business or investment opportunities (including any future business or investment opportunities stemming from the use of Plaintiff's Trade Secret Information), deals, contracts,

employment offers, or derivative works created or modeled off of Moement Trade Secret Information.

Defendant Zhang, and any of his current or former officers, agents, servants, employees, distributors and resellers of any type, and attorneys, and all those persons in active concert or participation with him who receive actual notice of the order by personal service or otherwise, shall undertake the following steps to remove from their possession and quarantine any information associated with Moement Trade Secret Information and Moement Confidential Information in Defendant Zhang's possession.

(1) Defendant Zhang will inspect the following data sources in its possession:

   a. Any database or document management systems he used;
   b. The mailboxes in any email servers he used;
   c. Computers, laptops, hard drives, repositories, offsite Shadow IT repositories, backup systems, and any other storage media (including USB drives, network-based storage drives) belonging to him;
   d. Paper files belonging to him;

(3) Defendant Zhang will remove from its possession and quarantine the following:

   a. Moement Trade Secret Information; Defendant Zhang will provide to Moement a log of all such documents and source code identified for removal.
   b. All other documents or source code (including source code libraries) in Defendant Zhang's possession that contain, in whole or in part, information copied from Moement Trade Secret Information, or that was derived from Moement Trade Secret

Information; Defendant Zhang will provide to Moement a log of all such documents and source code identified for removal.

    c.    Moement Confidential Information; Defendant Zhang will provide to Moement a log of all such documents and source code identified for removal.

    d.    All other documents in Defendant Zhang's possession that contain, in whole or in part, information copied from Moement Trade Secret Information, or that was derived from Moement Confidential Information; Defendant Zhang will provide to Moement a log of all such documents and source code identified for removal.

(4) Following identification and quarantine, Defendant Zhang must destroy all materials identified pursuant to 3(a)-(d) such that Defendant Zhang no longer have possession of such materials.

(5) Defendant Zhang shall provide in a sworn declaration an inventory of all local servers, external repositories, cloud storage, backup systems, or any offsite or "Shadow IT" repositories, that were searched or otherwise contain (or formerly contained any materials or information belonging to Moement).

(6) Defendant Zhang shall complete the identification, collection, and quarantine of Moement Trade Secret Information and Moement Confidential Information within 30 days of the date of this Order.

(7) Defendant Zhang shall certify to Moement in sworn declaration within 30 days of the date of this Order that the above actions have been taken and that Defendant Zhang no longer have any of Moement Trade Secret Information and Moement Confidential Information within their possession, and that they no longer have access to said information through third-parties.

(8) Defendant Zhang, and any of his current or former employees, agents, directors, officers, servants, and those persons in active concert or participation with him, are ordered to provide Moement notice if any information or materials belonging to Moement is subsequently discovered to still be in the possession of Defendant Zhang, or third-parties affiliated with Defendant Zhang, after the 30-day compliance period of the Court's Order has lapsed.

(9) Defendant Zhang shall certify in a sworn declaration within 30 days of this Order that he has shut down the Github account registered to user "JZ099" such that Moement Trade Secret Information and Moement Confidential Information being stored in that account are no longer accessible to any person and no person, including Defendant Zhang, continue to have access to that account.

(10) Plaintiff may conduct audits of Defendant Zhang, and any of his current or former officers, agents, servants, employees, distributors and resellers of any type, and all those persons in active concert or participation with Defendant Zhang who receive actual notice of the order by personal service or otherwise, to ensure compliance with this Order, as follows:

    (a) Plaintiff may audit at Defendant Zhang's expense, through audits conducted by an independent third party chosen by Plaintiff, and in compliance the Protective Order in this case, the following data sources in Defendant Zhang's possession:

        (i) Any database or document management systems in use by Zhang;

        (ii) The mailboxes and email servers in use by Zhang;

        (iii) Computers, laptops, hard drives, repositories, offsite Shadow IT repositories, backup systems, and any other storage media (including USB drives, network-based storage drives) in use by Defendant Zhang;

      (iv)    Paper files belonging to Defendant Zhang.

(11)    The findings of such audits will be available only to Moement's outside attorneys, the independent third-party auditor, the Court, and Defendant Zhang and his attorneys.

(12)    If the auditor finds that Defendant Zhang may not be in compliance with the terms of this Order, the auditor shall provide written notice and a copy of his findings to Defendant Zhang sufficient for Defendant Zhang to understand the reason(s) and extent of the non-compliance.

(13)    The audit is to be conducted within 30 days of this Order, during the course of normal business hours, and upon electronic or written notice of at least five business days to Defendant Zhang. The parties will use good faith efforts to conduct the audit in a manner least disruptive Defendant Zhang's activities.

The Court retains jurisdiction to enforce this injunction.

**IT IS SO ORDERED.**

Dated:    July ___, 2025

                                            HON. WESLEY L. HSU
                                            UNITED STATES DISTRICT JUDGE