UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOEMENT, INC., a Delaware corporations<br><br>Plaintiff,<br><br>v.<br><br>GROOMORE, INC., a Delaware corporations; a Delaware corporation, CHUNLIANG LIN, an individual, JIE ZHANG, an individual, and SONGYUN LIU, an individual,<br><br>Defendants. | Case No. 2:22-cv-2871-WLH-KS<br><br>**PERMANENT INJUNCTION AS TO DEFENDANTS GROOMORE, INC., CHUNLIANG LIN AND JIE ZHANG** |

The Court ORDERS the following injunctive remedies against Defendants Groomore, Inc. ("Groomore"), Chunliang Lin ("Lin") and Jie Zhang ("Zhang") (collectively, "Defendants"):

For purposes of this injunction, the term "Moement Trade Secret Information" means any confidential information copied or derived from, in whole or in part from the source code titled MoeGo v.1, which the jury found were used or acquired through improper means. For purposes of this injunction, "Moement Confidential Information"

means the Moement Customer Database found in the Zhang Githhub account.

(1) Defendants, their officers, agents, servants, and employees are immediately and permanently enjoined from using Moement's public facing licenses and keys.

(2) Defendants, their officers, agents, servants, employees, distributors, and resellers of any type, and all those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, are immediately and permanently enjoined from performing any of the following actions:

    a. possessing, accessing, reviewing, using, or disclosing Moement Trade Secret Information, in whole or in part, anywhere in the world.

    b. making, offering to sell, selling, or otherwise distributing anywhere in the world any product derived from Moement Trade Secret Information.

    c. advertising, promoting, offering to sell, selling, or otherwise providing services anywhere in the world using or claiming the benefit of Moement Trade Secret Information.

(3) Defendants, their officers, agents, servants, employees, distributors and resellers of any type, and attorneys, and all those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, shall undertake the following steps to remove from their possession and quarantine any information associated with Moement Trade Secret Information and Moement Confidential Information in Defendants' possession. Lin and Groomore's trial counsel (Mr. Steven Gebelin), his firm (Lesowitz Gebelin LLP), and successor attorneys working on this case or any appeal of this case are exempted from this paragraph.

(4) Defendants will inspect the following data sources in their possession:

    a. Any database or document management systems in use by Defendants.

  b. The mailboxes contained in any email servers used by Defendants. As to Defendant Groomore, this includes Groomore's corporate email servers for all employees;

  c. Computers, laptops, hard drives, repositories, offsite Shadow IT repositories, backup systems, and any other storage media (including USB drives, network-based storage drives) belonging to Defendants. As to Defendant Groomore, this includes the devices and storage of all Groomore employees;

  d. Paper files belonging to Defendants. As to Defendant Groomore, this includes the paper files of all Groomore employees;

(5) Defendants will remove from its possession and quarantine the following:

  a. Moement Trade Secret Information; Defendants will provide to Moement a log of all such documents and source code identified for removal.

  b. All other documents or source code (including source code libraries) in Defendants' possession that contain, in whole or in part, information copied from Moement Trade Secret Information, or that was derived from Moement Trade Secret Information; Defendants will provide to Moement a log of all such documents and source code identified for removal.

  c. Moement Confidential Information; Defendants will provide to Moement a log of all such documents and source code identified for removal.

  d. All other documents in Defendants' possession that contain, in whole or in part, information copied from Moement Trade Secret Information, or that was derived from Moement Confidential Information; Defendants will provide to Moement a log of all such documents and source code identified for removal.

(6) Following identification and quarantine, Defendants must destroy all materials identified pursuant to 3(a)-(d) such that Defendants no longer have possession of such materials.

(7) Defendants shall provide in a sworn declaration an inventory of all local servers, external repositories, cloud storage, backup systems, or any offsite or "Shadow IT" repositories, that were searched or otherwise contain (or formerly contained) any materials or information belonging to Moement.

(8) Defendants shall complete the identification, collection, and quarantine of Moement Trade Secret Information and Moement Confidential Information within 30 days of the date of this Order.

(9) Defendants shall certify to Moement in sworn declaration within 30 days of the date of this Order that the above actions have been taken and that Defendants no longer have any of Moement Trade Secret Information and Moement Confidential Information within their possession, and that they no longer have access to said information through third-parties.

(10) Defendants, and their employees, agents, directors, officers, servants, and those persons in active concert or participation with them, are ordered to provide Moement notice if any information or materials belonging to Moement is subsequently discovered to still be in the possession of Defendants, or third-parties affiliated with Defendants, after the 30-day compliance period of the Court's Order has lapsed.

(11) Defendants shall certify in a sworn declaration within 30 days of this Order confirming they have requested its third-party vendors and contractors to provide a certification to Defendants confirming they have returned or destroyed any Moement Trade Secret Information and Moement Confidential Information in their possession or under their control, including (but not limited to) certification that Defendants Groomore and Lin have requested Defendant Jie Zhang shut down the Github account registered to user "JZ099" such that Moement Trade Secret Information and Moement Confidential Information being stored in that account is no longer accessible to any

person.

(12) Defendant Zhang shall certify in a sworn declaration within 30 days of this Order that he has shut down the Github account registered to user "JZ099" such that Moement Trade Secret Information and Moement Confidential Information being stored in that account are no longer accessible to any person and no person, including Defendant Zhang, continue to have access to that account.

(13) Defendants Groomore and Lin shall certify in a sworn declaration within 30 days of this Order that Defendants Groomore and Lin will not further access Defendant Jie Zhang's Github account and that Defendants Groomore and Lin have instructed all officers, agents, servants, employees to cease accessing Defendant Jie Zhang's Github account.

(14) Plaintiff may conduct an audit of each Defendant, and its/his officers, agents, servants, employees, distributors and resellers of any type, and all those persons in active concert or participation with Defendants who receive actual notice of the order by personal service or otherwise, to ensure compliance with this Order, as follows:

    a. At a time of Plaintiff's choosing but within the first six months of each Defendant's certification that they have complied with the above measures, Plaintiff may audit, through an audit conducted by an independent third party chosen by Plaintiff, and in compliance the Protective Order in this case, the following data sources in Defendants' possession:

        (i) Any database or document management systems in use at by Defendants. As to Defendant Groomore, this includes but is not limited to databases containing Groomore's source code;

        (ii) The mailboxes contained in any email servers ised by Defendants. As to Defendant Groomore, this includes Groomore's corporate email servers for each Groomore employee;

5

        (iii)    Computers, laptops, hard drives, repositories, offsite Shadow IT repositories, backup systems, and any other storage media (including USB drives, network-based storage drives) belonging to Defendants. As to Defendant Groomore, this includes the devices and storage of all Groomore employees;

        (iv)    Paper files belonging to Defendants. As to Defendant Groomore, this includes paper files belonging to each Groomore employee.

b.    The audit shall be at the expense of the Defendants. An audit upon Defendant Groomore shall be at Defendant Groomore's expense to the extent that the Bankruptcy Court authorizes the cost.

c.    The information gathered during the audit and the findings of the audit will be available only to Moement's outside attorneys, the independent third-party auditor, the Court, and Defendants and their attorneys.

d.    If the auditor finds that Defendants may not be in compliance with the terms of this Order, the auditor shall provide written notice and a copy of his findings to Defendants sufficient for Defendants to understand the reason(s) and extent of the non-compliance.

e.    The audit is to be conducted during the course of normal business hours, and upon electronic or written notice of at least five business days to Defendants. The parties will use good faith efforts to conduct the audit in a manner least disruptive to normal business activities.

//
//
//
//

1  The Court retains jurisdiction to enforce this injunction.

3  **IT IS SO ORDERED.**

5  Dated: July 29, 2025

                                          HON. WESLEY L. HSU
                                          UNITED STATES DISTRICT JUDGE